# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Criminal Case No. 10-20014
                                    HON. DENISE PAGE HOOD

v.

MUHAMMAD SHAHAB (D-1),

        Defendant,
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION CONCERNING LENGTH OF RCC/HALFWAY HOUSE OR HOME CONFINEMENT PLACEMENT

On February 17, 2010, Defendant Muhammad Shahab ("Shahab") entered a plea of guilty to one count of Conspiracy to Commit Health Care Fraud, pursuant to a Rule 11 Plea Agreement. (Doc # 117) The Court sentenced Shahab to be imprisoned for a total term of 50 months, followed by supervised release for a term of 24 months. The Court entered a Judgment on October 16, 2013. (Doc # 629) The Court also ordered Shahab to pay $10,856,130.00 in restitution. *Id.* Shahab is currently serving his term of imprisonment at the Federal Correction Institution in Terre Haute, Indiana. His projected release date is March 28, 2018.

On May 23, 2017, Shahab filed the instant Motion for Judicial Recommendation Concerning Length of RRC/Halfway House or Home Confinement Placement. (Doc # 817) The Government filed a Response opposing

1

the Motion on June 23, 2017. (Doc # 821) On August 4, 2017, Shahab filed a Motion Requesting Judicial Recommendation for Halfway House (Doc # 823), which this Court construes as a Reply to the Government's Response.

Through the instant Motion, Shahab requests a judicial recommendation that the Federal Bureau of Prisons ("FBOP") place him in a Residential Reentry Center ("RRC") or on home confinement for the nine months remaining on his sentence of incarceration (or for a period of up to twelve months preceding the expiration of his sentence of incarceration). Shahab states that such a placement would allow him "to better address the underlying impetus that led to the commission of the instant offense," as well as "to address and correct his elevated risk of recidivism by virtue of his arrest, the nature of the offense, his limited employment opportunities, restitution and debt payment, financial support for his family whose home is going into foreclosure, and a 50 month prison sentence." (Doc # 817, Pg ID 9466) Shahab also believes such a placement is necessary to save his family life and marriage. (Doc # 823) Shahab notes that he has successfully completed a number of educational programs offered by the FBOP to prepare for his release. He acknowledges that the judicial placement recommendation that he seeks would be non-binding on the FBOP, but he asserts that such a recommendation would be consistent with the reintegration principles of the Second Chance Act. Shahab

further notes that the Government has noted that FBOP underutilizes RRC placements which reduce the cost of traditional incarceration.

The Government responds that the Court lacks jurisdiction to issue a recommendation regarding Shahab's RRC placement. The Government also argues that Shahab has failed to demonstrate that he is entitled to relief he seeks. The Government notes that any placement recommendation by the Court would play a limited role in the FBOP's determination to place Shahab in a RRC, and that the FBOP has already determined that Shahab's recommended RRC placement date is October 31, 2017 (approximately five months before his projected release date of March 28, 2018). Attached to the Government's Response, is a letter from the Warden at Terre Haute explaining that FBOP believes that the recommended RRC placement date is appropriate because Shahab is serving a 50 month sentence, has a Master's Degree with good employment prospects, had steady employment prior to incarceration, has secured residence upon release, has completed 19 release preparation classes, has received $2,200.00 in deposits from family and associates in the last six months; and he is therefore considered a low risk to recidivate and in need of minimal services provided by the RRC. (Doc # 821, Pg ID 9503)

After review of the Motion, Response, and Reply, the Court finds that Shahab has not shown that the Court has authority to make a judicial placement recommendation to the FBOP apart from what the Court already ordered and

recommended in the Judgment, entered on October 16, 2013. It is now well over three years after the entry of Judgment and well beyond the time to amend the Judgment. *See* Fed. R. Crim. P. 35; 59; *see also United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990) (explaining that judgments ordinarily become final and unreviewable when the time for appeal and reconsideration has expired). The Court further notes that the FBOP has plenary authority to determine date of release and/or any pre-release pursuant to 18 U.S.C. § 3624 and the factors in 18 U.S.C. § 3621(b). *See Tapia v. United States*, 564 U.S. 319, 331 (2011). Shahab has not shown that the FBOP failed to consider the factors in 18 U.S.C. § 3621(b) in making an individual determination as to his RRC placement date.

For the reasons set forth above,

IT IS ORDERED that Defendant Muhammad Shahab's Motion for Judicial Recommendation Concerning Length of RRC/Halfway House or Home Confinement Placement (Doc # 817) is DENIED.

IT IS FURTHER ORDERED that Defendant Muhammad Shahab's Motion Requesting Judicial Recommendation for Halfway House (Doc # 823) is DENIED as MOOT and construed as a Reply.

S/Denise Page Hood  
Denise Page Hood  
Chief Judge, United States District Court

Dated: August 15, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 15, 2017, by electronic and/or ordinary mail.

                                        S/LaShawn R. Saulsberry
                                        Case Manager